IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

RENSSELAER POLYTECHNIC INSTITUTE
and CF DYNAMIC ADVANCES LLC,

    Plaintiffs,

    -vs.-

AMAZON.COM, INC.,

    Defendant.

The Honorable Brenda K. Sannes

Case No. 1:18-cv-549-BKS-TWD

## AMAZON'S SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION ON CLAIM CONSTRUCTION

*Of Counsel:*

Joseph R. Re (*pro hac vice*)
Jon W. Gurka (*pro hac vice*)
Jeremy A. Anapol (*pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jon.gurka@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heideman (*pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com

John G. Powers
(Bar Roll No. 508934)
HANCOCK ESTABROOK, LLP
AXA Tower I, Suite 1800
100 Madison Street
Syracuse, NY 13202
(315) 565-4500
jpowers@hancocklaw.com

Counsel for Defendant
AMAZON.COM, INC.

December 10, 2021

## TABLE OF CONTENTS

INTRODUCTION ------------------------------------------------------------------------------------- 1

ARGUMENT ----------------------------------------------------------------------------------------- 1

I.     Plaintiffs Misrepresent the Record from the Patent Office on "Result of the Natural Language Input" -------------------------------------------------------------------- 2

II.    The Court Should Not Conceal the Admitted Requirements of "Case Information" from the Jury ----------------------------------------------------------------------------------- 4

CONCLUSION -------------------------------------------------------------------------------------- 5

## TABLE OF AUTHORITIES

*Cases:* *Page(s):*

*Acumed LLC v. Stryker Corp.*,
   483 F.3d 800 (Fed. Cir. 2007) ---------------------------------------------------------------- 5

*AFG Indus., Inc. v. Cardinal IG Co.*,
   239 F.3d 1239 (Fed. Cir. 2001) --------------------------------------------------------------- 5

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017) ------------------------------------------------------------ 3, 4

*Seachange Int'l, Inc. v. C-COR, Inc.*,
   413 F.3d 1361 (Fed. Cir. 2005) --------------------------------------------------------------- 3

*Sulzer Textil A.G. v. Picanol N.V.*,
   358 F.3d 1356 (Fed. Cir. 2004) --------------------------------------------------------------- 5

*Summit 6, LLC v. Samsung Elecs. Co.*,
   802 F.3d 1283 (Fed. Cir. 2015) --------------------------------------------------------------- 5

**INTRODUCTION**

Plaintiffs' infringement case cannot succeed under the correct constructions of the two claim limitations addressed in this brief. The correct constructions are based on Plaintiffs' own representations to the Patent Office and this Court—which Plaintiffs made to save their claims from invalidation. These representations are binding, and the claim limitations must be construed accordingly.

Plaintiffs attempt to discard these prior representations by misleading the Court in two ways. First, Plaintiffs misrepresent the record from the Patent Office—falsely asserting that they never made their fatal representations about one of the claim limitations. Second, Plaintiffs argue that the Court should conceal from the jury the requirements Plaintiffs admittedly adopted for the other claim limitation.

With both of these arguments, Plaintiffs seek to untether their infringement case from the very requirements they relied on to defend their patent's validity. The Court should construe the claims according to Plaintiffs' own representations. Black letter patent law, to say nothing of fundamental fairness, requires no less.

**ARGUMENT**

The two claim limitations at issue in this brief are "result of the natural language input" in claim 9, and "case information" in all claims. For each of these limitations, Amazon objected to Judge Peebles' Report and Recommendation (Dkt. No. 168) ("R&R") because it failed to address Plaintiffs' own representations to the Patent Office and the Court supporting Amazon's proposed claim constructions here. (Dkt. No. 176 at 18, 23.) Plaintiffs raised new arguments opposing these constructions in their response to Amazon's objections, and the Court granted leave for Amazon to file this brief addressing the new arguments. (Dkt. Nos. 185, 186.)

- 1 -

I.  **PLAINTIFFS MISREPRESENT THE RECORD FROM THE PATENT OFFICE ON "RESULT OF THE NATURAL LANGUAGE INPUT."**

Claim 1 of the asserted '798 patent recites that a computer processes natural language input "without augmentation." (Dkt. No. 142-2 at 36:40-41.) This means, among other things, that the computer uses no input besides the natural language itself to complete the processing. (Dkt. No. 142 at 20-22.) Although claim 9 does not expressly recite "without augmentation," Plaintiffs repeatedly argued to the Patent Office that claim 9, too, excluded augmentation. (Dkt. No. 176 at 17-19.) Plaintiffs argued this point because otherwise claim 9 would have been invalidated. Plaintiffs first made this point during the prosecution of the '798 patent in 2005, when they equated the requirements of claims 1 and 9 despite the differences in their phrasing. (*Id.* at 4, 18-19.) And Plaintiffs confirmed this position when they responded to a petition for *inter partes* review ("IPR") that Amazon filed in 2019. (*Id.* at 4-5, 18.) In that IPR, Plaintiffs repeatedly and expressly argued that claim 9 includes the "without augmentation" requirement. (*Id.*)

Amazon objected to the R&R because it failed even to address the 2019 IPR arguments, and erred in its analysis of the 2005 arguments. (Dkt. No. 176 at 18.) In response to Amazon's objection, Plaintiffs assert falsely that "Amazon's cited excerpts" from Plaintiffs' IPR response "relate to Claim 1, *not Claim 9*." (Dkt. No. 183 at 21 (emphasis changed).) Plaintiffs' assertion is false because the excerpts Amazon cited are all from an IPR challenging *claims 9-21 only*, and the excerpts expressly address those claims. (Dkt. No. 176 at 18 (citing Dkt. No. 142-10).)

To show that Plaintiffs' IPR response applied the "without augmentation" requirement to claim 9, Amazon cited three passages from that response. (Dkt. No. 176 at 18 (citing Dkt. No. 142-10 at 2, 27, 43).) All three passages refer to the "Challenged Claims" in that IPR. (*Id.*) And the IPR response expressly defines the "Challenged Claims" as "Claims 9-21"—not claim 1. (*Id.* at 1; *id.* at 12-13.)

As shown below, the cited passages from Plaintiffs' IPR response repeatedly and unequivocally state that the "without augmentation" requirement applies to claims 9-21:

> "Each of Petitioner's references fails to disclose *key limitations required by the Challenged Claims* [i.e., claims 9-21]—*including* … '*without augmentation*,' …"

> "*The Challenged Claims require* 'receiving a natural language [input],' *without augmentation*…"

> "Because neither [prior art reference] discloses a natural language system *without augmentation*, their combination will not result in the claimed invention of the '798 Patent. Accordingly, the [prior art] does not render the *Challenged Claims* of the '798 Patent obvious…."

(Dkt. No. 142-10 at 2, 27, 43 (emphases added).)  Thus, Plaintiffs' argument that the cited passages "relate to Claim 1, not Claim 9" is provably false.

Plaintiffs' IPR response applied the "without augmentation" requirement to claim 9 precisely because it recognized that the 2005 prosecution history had already incorporated this requirement into the claim.  Indeed, the IPR response includes a section discussing that very prosecution history.  (Dkt. No. 142-10 at 13-14 (§ II.E).)  And when the IPR response applied the "without augmentation" requirement to claim 9, it cited back to that prosecution-history section.  (*Id*. at 27 (citing "section II.E" for the "without augmentation" requirement); *id.* at 43 (same).)

Claim 9 must be construed in accordance with Plaintiffs' IPR arguments.  Under Federal Circuit law, a "patent owner can … make representations about claim scope to avoid prior art" in an IPR, and "the public is entitled to rely on those representations." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) (internal quotation marks omitted).[1]  Specifically, a patent owner disavows claim scope in an IPR and thereby limits its claims when it argues that the claims include a requirement, and then relies on that requirement to distinguish the prior art.

---

[1] *See also Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1374 (Fed. Cir. 2005) (A patentee's arguments may disavow claim scope "even if the [Patent Office] did not rely" on them).

*Id.* at 1362-63.  This is exactly what Plaintiffs did when they argued in the 2019 IPR that the "without augmentation" requirement applies to claims 9-21.  (Dkt. No. 176 at 18.)  Thus, the Court should construe claim 9 to exclude augmentation, as Amazon proposed.  (*Id.*)

II.     **THE COURT SHOULD NOT CONCEAL THE ADMITTED REQUIREMENTS OF "CASE INFORMATION" FROM THE JURY.**

Amazon contends that "case information" is indefinite.  (Dkt. No. 176 at 19-21.)  To convince Judge Peebles that it is not indefinite, Plaintiffs argued that "case information" requires a "problem definition" and "solution."  (*Id.* at 21, 23.)  Judge Peebles accepted this argument when he rejected Amazon's indefiniteness challenge.  (Dkt. No. 168 at 45 (citing declaration of Plaintiffs' expert and describing a "case" as including a "problem definition" and "solution").)

Having accepted Plaintiffs' view that a "case" requires a "problem definition" and "solution"—and relied on these requirements to uphold the claims' validity—the R&R should have included these requirements in its construction of "case information."  (Dkt. No. 176 at 23.)  Because the R&R failed to do so, Amazon objected.  (*Id.*)

In response to Amazon's objection, Plaintiffs argue that the Court should decline to expressly include the problem and solution requirements in its construction.  (Dkt. No. 183 at 25.)  With this argument, Plaintiffs ask the Court to conceal the problem and solution requirements from the jury—and yet those are the very requirements the R&R adopted to support its finding that the claims have a discernable scope and are not indefinite.

Concealing the problem and solution requirements would allow Plaintiffs to mislead the jury by presenting an infringement case that departs from the requirements they relied on to avoid invalidity.  To prevent this basic unfairness, the Court should construe "case information" to expressly identify these requirements.  (Dkt. No. 176 at 23-24.)

Plaintiffs' only argument for concealing the problem and solution requirements from the

- 4 -

jury is that "a claim construction need not specifically define every word." (Dkt. No. 183 at 25.) But Amazon is not asking the Court to "define every word." Amazon is asking the Court to define a claim limitation that is at the very heart of the patent's alleged invention, and will therefore be central to the proper resolution of this case. Indeed, Plaintiffs identified case information as "vital" to the invention in their briefing to Judge Peebles. (Dkt. No. 147 at 1.) And Plaintiffs repeatedly relied on "case information" to overcome invalidity challenges at the Patent Office— including in two IPRs filed by Amazon. (*E.g.*, Dkt. No. 142-9 at 10-12; Dkt. No. 142-10 at 10-12 ("case information … is a major point of novelty for the patented invention").)

Plaintiffs cite two inapposite cases in support of their argument for concealment. (Dkt. No. 183 at 25.) In each of these cases, the defendant's arguments about what the claims required were wrong on the merits. *Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 806 (Fed. Cir. 2007); *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1291-92 (Fed. Cir. 2015). Here, the opposite is true. Plaintiffs, their expert, and Judge Peebles all agree that the problem and solution requirements are correct. (Dkt. No. 176 at 23.) Thus, the Court should convey these admittedly correct requirements to the jury. *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004) (The Court must "ensure that the jury *fully understands* the court's claim construction rulings and what the patentee covered by the claims.") (emphasis added); *see also AFG Indus., Inc. v. Cardinal IG Co.*, 239 F.3d 1239, 1247 (Fed. Cir. 2001) ("It is critical for trial courts to set forth an express construction of the material claim terms in dispute, in part because the claim construction becomes the basis of the jury instructions, should the case go to trial.").

## CONCLUSION

For the reasons explained above and in Amazon's prior briefing, the Court should construe "result of the natural language input" in claim 9 to exclude augmentation, and "case information" to require a problem and solution.

|  |  |
|---|---|
| *Of Counsel:*<br><br>Joseph R. Re<br>joe.re@knobbe.com<br>Jon W. Gurka<br>jon.gurka@knobbe.com<br>Jeremy A. Anapol<br>jeremy.anapol@knobbe.com<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614<br>Telephone: 949-760-0404<br>Facsimile: 949-760-9502<br><br>Colin B. Heideman<br>colin.heideman@knobbe.com<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>925 Fourth Avenue, Suite 2500<br>Seattle, WA 98104<br>Telephone: 206-405-2000<br>Facsimile: 206-405-2001<br><br>December 10, 2021 | *s/ Jeremy A. Anapol*<br>John G. Powers<br>(Bar Roll No. 508934)<br>HANCOCK ESTABROOK, LLP<br>AXA Tower I, Suite 1800<br>100 Madison Street<br>Syracuse, NY 13202<br>(315) 565-4500<br>jpowers@hancocklaw.com<br><br>Counsel for Defendant<br>AMAZON.COM, INC. |

- 6 -

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, I caused the foregoing objections to be filed with the Clerk of the District Court using the CM/ECF system, which provided electronic notification of such filing to the following:

| | |
|---|---|
| Bryan J. Vogel, Esq. | bvogel@robinskaplan.com |
| Benjamen C. Linden, Esq. | blinden@robinskaplan.com |
| Christine Yun Sauer, Esq. | cyunsauer@robinskaplan.com |
| Christopher Seidl, Esq. | cseidl@robinskaplan.com |
| Li Zhu, Esq. | lzhu@robinskaplan.com |
| Mary Pheng, Esq. | mpheng@robinskaplan.com |
| Shui Li, Esq. | sli@robinskaplan.com |

Attorneys for Plaintiffs

*s/ Jeremy A. Anapol*

Jeremy A. Anapol (*pro hac vice*)