# EXHIBIT 8



555 TWIN DOLPHIN DRIVE        650 784 4040 TEL
SUITE 310                     650 784 4041 FAX
REDWOOD CITY, CA 94065        ROBINSKAPLAN.COM


LI ZHU
650 784 4013 TEL
LZHU@ROBINSKAPLAN.COM

July 19, 2022                                    *Via Email*

Jeremy Anapol
Knobbe Martens
2040 Main Street, 14th Floor
Irvine, CA 92614
Jeremy.Anapol@knobbe.com

**Re:**   *Rensselaer Polytechnic Institute et al. v. Amazon.com, Inc.,*
**18-cv-00549-BKS-TWD | Improper Depositions**

Jeremy:

Amazon has not presented any compelling reasons for seeking the deposition of three RPI professors—Professors Nirenberg, McShane, and Strzalkowski—since the Court's June 6, 2022 telephonic hearing. Accordingly, Plaintiffs maintain that Amazon's requested depositions are improper, and further expressly incorporate the objections from Plaintiffs' prior correspondence.

As the Court pointed out during the June 6th hearing, Amazon is improperly attempting to solicit expert testimony from RPI employees, all of whom are unrelated to this case. In particular, these professors were not employed at RPI at the time of the invention and have no knowledge about this case or the '798 Patent. Dr. Strzalkowski, for example, has only been at RPI for three years.

Moreover, all three professors hail from RPI's Cognitive Sciences department—not RPI's Engineering or Computer Science departments (which birthed the invention from the '798 Patent). None of these professors has the requisite knowledge needed to testify regarding the "state of the art" as requested by Amazon. Dr. McShane, for example, has her M.A. and Ph.D. in Slavic Languages and Literatures.

Even if Professors Nirenberg, McShane, or Strzalkowski had relevant information (they do not), such information would be unreasonably cumulative and duplicative, and such information is readily obtainable from other sources

Jeremy Anapol                                          VIA E-MAIL
Page 2

---

that are more convenient, less burdensome, and less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Specifically, Amazon has multiple experts who can testify about the information at issue. Moreover, in the interest of resolving the present dispute and saving the Court's time, Plaintiffs previously offered to Amazon the compromise of Plaintiffs designating Dr. Cheng Hsu to testify on the following topics from Amazon's 30(b)(6) notice — the same information that Amazon is seeking with these professor depositions:

- **Amazon's 30(b)(6) Topic #13**: "The state of the art in natural language processing before 2000."

- **Amazon's 30(b)(6) Topic #14:** "Natural language processing research conducted at RPI after 2000."

Amazon refused to compromise.

     Plaintiffs also explained on June 29, 2022 that these professors have academic and professional commitments (or a medical condition, in Professor McShane's case) that will make it burdensome for them to attend a deposition. Amazon's insistence on taking these depositions is out of proportion with respect to the needs of the case.

     Plaintiffs remain available to discuss the above.

Sincerely,

Li Zhu

Copy to:   AmazonVsRPI@knobbe.com
           RK_Dynamic@RobinsKaplan.com
           jpowers@hancocklaw.com
           mdagostino@hancocklaw.com