

800 LASALLE AVENUE  612 349 8500 TEL
SUITE 2800  612 339 4181 FAX
MINNEAPOLIS, MN 55402  ROBINSKAPLAN.COM

FRANCOIS ECCLESIASTE
612 349 8565 TEL
FECCLESIASTE@ROBINSKAPLAN.COM

October 30, 2023

Hon. Thérèse Wiley Dancks
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse NY 13261-7346

**Re:**   *Rensselaer Polytechnic Institute, et al., v. Amazon.com, Inc.*
    **Case No.: 18-CV-549-BKS-TWD**

Dear Judge Dancks:

Plaintiffs Rensselaer Polytechnic Institute and CF Dynamic Advances LLC (collectively, "Plaintiffs") write to certify that they have withdrawn their subpoena directed to the Federal Trade Commission ("FTC") in accordance with the Court's October 30, 2023, Text Order (ECF No. 428).

Additionally, Plaintiffs write to respectfully request a conference with the Court in order to discuss Plaintiffs' motion to seek leave to reopen discovery for the limited purpose of serving a subpoena on the FTC, or alternatively to compel Amazon to produce documents responsive to Plaintiffs' discovery requests.

On the day discovery closed in this case, Plaintiffs became aware of a lawsuit filed by the FTC against Amazon in the Western District of Washington, involving Amazon and its unethical retention of user information through Alexa. *U.S. v. Amazon.com, Inc. et al*, 2:23-CV-00811 (W.D. Wa. May 31, 2023). Upon investigation, Plaintiffs learned from that lawsuit that the representations Amazon provided to the FTC—regarding Alexa's retention of user information relevant to infringement here—expressly contradicts Amazon's representations in its sworn interrogatory responses in this case. In particular, the FTC explained that "Alexa's default settings saves [a user's] voice recordings and transcripts indefinitely, even if the user stops using the account for months or even years" and "Amazon uses the voice recordings and transcripts it saves not only to fulfill [that user's] request to Alexa, but also to train and improve the Alexa product for all users." By contrast, Amazon represented in this case that its standard practice consisted of deleting user information from Alexa after a much shorter period of time.

October 30, 2023
Page 2

    Plaintiffs promptly requested a written explanation from Amazon on June 16, 2023. Plaintiffs also pointed out that Amazon had failed to produce any information related to the FTC investigation during discovery—information that was directly responsive to Plaintiffs' discovery requests.

    Amazon waited until August 1, 2023 to respond to Plaintiffs' request. In its response, Amazon refused to produce the requested information or to provide supplemental or corrected interrogatory responses—offering instead to withdraw the information from its original sworn response. After Plaintiffs engaged Amazon in additional correspondence and conferences in August, September, and October, Amazon maintained its refusal, stating that "Plaintiffs have not sought leave from the Court to re-open discovery." Due to Amazon's refusal to correct its document production, Plaintiffs also requested relevant documents from the FTC through a subpoena.

    Following the Court's May 30, 2023 Order, Plaintiffs notified Amazon's counsel that Plaintiffs would be seeking leave to re-open discovery, and would request a conference with the Court regarding the same. Amazon opposes Plaintiffs' request.

    Plaintiffs believe good cause exists to reopen discovery now under the circumstances described above. Plaintiffs respectfully request a conference to further discuss this matter with the Court.

Sincerely,

*/s/ François O. Ecclesiaste*

François O. Ecclesiaste

ROBINS KAPLAN LLP
***Counsel for Plaintiffs Rensselaer Polytechnic Institute and CF Dynamic Advances LLC***